[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, David Bailey, Keith Turgeon, David Thomas, Bruce Lowe and Cindy Grenier[1] have moved for summary judgment against the plaintiffs, Jeffrey Longhenry and John Torunski, with regard to the entire complaint on the ground that it is barred by the statute of limitations. Additionally, the defendants City of Groton (Groton) and the Chief of Police, Wilford Blanchette CT Page 14958 (Chief of Police), move for summary judgment with regard to the entire complaint on the grounds that the plaintiffs have failed to provide statutory notice under General Statutes § 7-465, and that the plaintiffs cannot, as a matter of law, seek recovery from Groton or the Chief of Police. The plaintiffs object to the motion for summary judgment and argue that, based on estoppel and waiver, their cause of action is within the applicable statute of limitations.
A review of the file reveals the following procedural and factual complexities. On August 7, 1996, the plaintiffs filed a ten-count complaint stemming from a December 17, 1993 incident in which the civil rights of the plaintiffs were allegedly violated by members of the City of Groton police department. The summons named the City of Groton and the Chief of Police, Wilford Blanchette, as the defendants. The complaint, however, also named four unidentified police officers as additional defendants.[2]
Subsequently, the plaintiffs, through discovery, were able to determine the identities of the police officers allegedly responsible for violating the plaintiffs' civil rights. On or about October 15, 1998, the attorney for the plaintiffs reached an agreement with Attorney Bates, the attorney representing Groton and the Chief of Police, that Atty. Bates would accept service for the individually named police officers.[3]
Furthermore, the agreement provided for delivery of an amended complaint to Atty. Bates in lieu of actual service of process.
On October 30, 1996, the plaintiffs filed a request for leave to file an amended complaint which included allegations against the newly discovered individual police officers rather than the unknown officers delineated by "Doe." As previously agreed upon, the plaintiffs also mailed the amended complaint to Atty. Bates, who, in turn, sought to file an appearance with the clerk. According to an affidavit supplied by Atty. Bates, this appearance, however, was returned by the clerk's office with the explanation that the plaintiffs had not received the court's permission to cite in additional parties.
Thereafter, on January 15, 1997, the plaintiffs filed a motion to cite in as additional parties the identified police officers, which was granted by the court, Handy, J. On February 6, 1997, the five individual police officers were served and process was returned to the court on February 11, 1997. An appearance for all defendants, including the police officers, was CT Page 14959 entered on February 20, 1997 by Attorney Clark.[4] Attorney Bates entered an appearance for the police officers on February 27, 1997.
A. Statute of Limitations Claim
The individual police officers now move for summary judgment on the ground that the plaintiffs' complaint is barred by the statute of limitations. According to the defendants, it was imperative that the plaintiffs, upon motion, cite in the individually named police officers and serve them with process. As this was not accomplished until February 1997, more than three years after the date of the alleged incident, the statute of limitations passed and the police officers claim that they are entitled to summary judgment as a matter of law.
The plaintiffs, on the other hand, argue that proper service was accomplished in October of 1996, when, by agreement, the defendants' attorney was served with an amended complaint. Even though the appearance of the defendants' attorney was rejected by the clerk's office, the plaintiffs contend that the individual police officers were properly put on notice as to the impending allegations against them. Thus, according to the plaintiffs, service was effectuated within the statute of limitations.
In order to untangle the unique matter before the court, it is necessary to first address whether the agreement between the attorneys as to the service (by amended complaint) upon the police officers constituted valid service. The court recognizes that "service may in some cases be made on an attorney who has appeared on behalf of a client. In general, however, an attorney, is not authorized by general principles of agency to accept service of original process on behalf of a client." Georgev. Delpo, Superior Court, judicial district of Waterbury, Docket No. 124137, 18 CONN. L. RPTR. 519 (January 2, 1997) (Pellegrino, J.), quoting Keith v. Mellick Sexton, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552399 (April 2, 1996) (Wagner, J.); see also 62B Am.Jur.2d 932-33, Process § 234 (1990) ("[a] party is not properly served with process where it is served, not on him, but by mailing the papers to his attorney"). "In the absence of a controlling statute, an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established." George v. Delpo, supra, Superior Court, Docket No. 124137, quoting CT Page 14960 7 Am.Jur.2d, Attorneys at Law, 146 (1990).
"The burden of establishing that the authority to receive process exists between the person served and the defendant lies with the plaintiff." Keith v. Mellick Sexton, supra, Superior Court, Docket No. 552399. In the present case, the plaintiffs have shown that Atty. Bates agreed to receive an amended complaint as service for the police officers. To what extent the police officers had authorized Atty. Bates to receive or waive process is an issue of fact inappropriate for resolution on a motion for summary judgment.[5]
The defendants argue that even if they had notice of the October complaint, the plaintiffs' initial attempted service was improper without a prior motion to cite in. The defendants argue that summary judgment is appropriate because the plaintiffs' attempt at bringing in the individual police officers did not occur, by the procedurally correct vehicle, within the statute of limitations or within the appropriate time frame. According to the defendants' affidavit, the clerk's office had rejected the appearance of Atty. Bates for the police officer because the plaintiffs had failed to cite in the police officers as additional parties.[6]
Practice Book § 103, now Practice Book (1998 rev.) §9-22, states that "any motion to cite in or admit new parties must comply with Section 11-1 [formerly § 196] and state briefly the grounds upon which it is made." Practice Book § 103, now Practice Book (1998 rev.) § 9-22 (Quoting from revised section). Practice Book § 196, now Practice Book (1998 rev.) § 11-1, in turn, requires that the motion to cite be in writing and filed so that a court may act on the motion.
When the plaintiffs allegedly served the police officers in October, 1996, the plaintiffs did not seek nor receive the court's permission to cite in the additional defendants. As a result, any apparent service on additional parties would appear to be in violation of the Practice Book requirement that the plaintiff obtain the authority of the court before serving additional parties. The plaintiffs did move to cite the individual police officers on January 15, 1997. The court, Handy, J., granted the motion and ordered that the police officers be served by February 13, 1997.[7] The police officers, accordingly, were served with process on February 6, 1997. CT Page 14961
Service on February 6, 1997, however, would have been outside the statute of limitations. As the original cause of action accrued on December 17, 1993, the three year statute of limitations for civil rights actions would have run on December 17, 1996, some two months before the plaintiffs served the police officers. See Orticelli v. Powers, 197 Conn. 9, 16,495 A.2d 1023 (1985) ("the three year statute of limitations contained in General Statutes § 52-577 has been held as the operative statute of limitations for a § 1983 action").
At least one court, however, has found that a motion to cite in filed after the statute of limitations has run can relate back to the filing of the original complaint and thus "toll" the statute of limitations. See Rodriguez v. Wilmorite,Inc., Superior Court, judicial district of Danbury, Docket No. 312252 (December 4, 1996) (Moraghan, J.). InRodriguez, the court examined the unusually close relationship between the defendant and the party to be cited in and held that a question of fact existed as to whether, because of the relationship, the latter party had previous notice as to initiation of the action. Because the possibility existed that the motion to cite in referred back to the original complaint, the court denied the defendant's motion for summary judgment. Id.
In the present case, the court finds a similar set of unique circumstances and thus holds that summary judgment is inappropriate due to the possibility that the statute of limitations was met. In particular, the court finds that there is a question of fact as to whether the February complaint relates back to the time of original service due to the agreement between the opposing parties, and the subsequent service on Atty. Bates.
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action . . . While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted . . . If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed . . . The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) CT Page 14962 whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." (Citations omitted; internal quotation marks omitted.) Kayev. Manchester, 20 Conn. App. 439, 444, 568 A.2d 459 (1990).
In the present case, the court finds that there are genuine issues of material fact as to whether the individual police officers had notice of the action prior to their being cited in after the statute of limitations had run. The court finds that a question of fact exists as to the relationship between Atty. Bates and the individual police officers. Specifically, the court finds a question of fact as to the role of the individual officers in the agreement of "service" reached between the opposing parties. If the evidence reveals that the individual officers were aware of the agreement, a further question of fact exists as to whether the February complaint can relate back to this attempted service and whether this attempt constituted sufficient notice as contemplated in the first prong of the test annunciated by Kaye.[8]
The court, accordingly, finds that there are genuine issues of material fact that preclude the granting of a motion for summary judgment. As such, the defendant's motion for summary judgment must be denied.
B. Lack of Notice Respondeat Superior
The defendants, Groton and the Chief of Police, move for summary judgment on the grounds that the plaintiff's did not provide statutory notice and that, with respect to the plaintiffs' civil rights claims, local governments and supervisors may not be held liable.
Admittedly, the plaintiffs have not alleged that they supplied Groton and the Chief of Police with notice concerning intent to sue. However, the defendants have provided no affidavits as to whether they received such notice, thus, a question of fact remains as to whether statutory notice was given. See Birmingham Condominium v. Birmingham, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295513, 12 CONN. L. RPTR. 667 (October 10, 1994, Ford, J.).
The defendants also argue that local governments and supervisors may not be liable for civil rights violations under CT Page 14963 the doctrine of respondeat superior. It is true that a "municipality may not be held liable for the acts of its employees that violate the civil rights of another under the theory of respondeat superior." Ivimey v. Watertown,30 Conn. App. 742, 751, 622 A.2d 603, cert. denied, 226 Conn. 902,625 A.2d 1375 (1993). "Municipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by city policymakers." (Citations omitted; internal quotation marks omitted.) Tedesco v. Stamford,215 Conn. 450, 456-57, 576 A.2d 1273 (1990). "[T]he plaintiff's complaint must allege a policy or custom that resulted in a deprivation of a constitutional right." Id., 457.
The instant plaintiffs have alleged that "the defendants were individually and together in concert, acting under color of the statutes, ordinances, regulations, customs, and/or usages of the State of Connecticut and/or the City of Groton . . ." (Plaintiffs' complaint, dated January 30, 1997, First Count, ¶¶ 53; Sixth Count, ¶¶ 48.) As the plaintiffs have alleged that the defendants' actions were in accordance with city custom or policy, there exists a genuine issue of material fact that cannot be decided on a motion for summary judgment.
Accordingly, Groton and the Chief of Police's Motion for Summary Judgment is denied.
Martin, J.