WILSON, Judge.
This is an action seeking damages for personal injuries allegedly caused by a fall on premises controlled by the defendant. The plaintiff alleges that on October 20, 1999 she was on the premises as a business invitee and was caused to fall and sustained personal injuries. The complaint was filed on April 20, 2000.
The defendant has moved to dismiss the complaint on the grounds that the claim was filed on the 183rd day following the alleged incident. Sec. 10 of the Mohegan Torts Code, M.T.O. No. 98-1, provides that an action is commenced by filing a claim with the trial branch of the gaming disputes court and Sec. 11 provides that all claims shall be filed within 180 days of the date on which they accrued.
The plaintiff does not dispute that the claim was filed on the 183rd day following the alleged incident. That is, it is agreed that the claim was filed three days late. The plaintiff has, however, objected to the motion to dismiss on the grounds that a statute of limitations defense is properly raised by a special defense under Connecticut Practice Book Sec. 10-50, rather than by a motion to dismiss which is the vehicle by which the defendant contests the court’s jurisdiction. Connecticut Practice Book, Sec. 10-30.
After reviewing the briefs and hearing the parties, the court determines that this is a matter of jurisdiction and that a motion to dismiss is the proper vehicle to contest the court’s jurisdiction. This court has previously visited this precise question. In Long v. Mohegan Tribal Gaming Authority, et al, 1 G.D.R. 5 (1997), this court, Guernsey, J., held as follows with respect to the time limits contained in several of the Mohegan ordinances, including the Mohegan Torts Ordinance. With regard to T.G.A. 97-5, this court held as follows:
In his Supplemental Memorandum, Plaintiff attacks Defendants’ contention that this court lacks jurisdiction because the action was not brought within the time limits contained in TGA 97-5. Although Plaintiff is correct in asserting that in most cases the defense of statute of limitations is properly raised by a special defense, Connecticut Practice Book Section 164 [now Sec. 10-50], where “a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter.” Ecker v. West Hartford, 205 Conn. 219, 232, 530 A.2d 1056 (1987). At issue is whether a time limitation contained within a statute is procedural, and thus subject to waiver, or is “rather is a limitation on the liability itself, and *409 not of the remedy alone.” Ecker v. West, Hartford, supra at 232, 530 A.2d 1056.
This particular issue has been extensively analyzed by the Mashantucket Pequot Tribal Court in Jenkins v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 9, 1 Mash. 7 (1993) where the court, per Freeman, C.J., held that the time limitation contained in the Sovereign Immunity Waiver Ordinance, M.P.T.O. 100192-01, Sec. 11, is jurisdictional rather than procedural in nature. The holding in Jenkins followed the decision of the Connecticut Supreme Court in Ecker v. West, Hartford, supra, that the time limitations contained in Connecticut General Statutes Section 52-555 (allowing actions for wrongful death) were a jurisdictional prerequisite that could not be waived, as well as the holdings of similar' cases involving limited waivers of sovereign immunity as to the United States under the Federal Tort Claims Act, 28 USC Section 2671 et seq., and as to the State of Connecticut under Connecticut General Statutes Section 13a-144. These limitations were found to be jurisdictional and non-waivable.
Similarly, with respect to the Mohegan Torts Ordinance, then M.T.O. No. 96-2 and now M.T.O. No. 98-1, the court held as follows:
The Mohegan Torts Ordinance, M.T.O. No. 96-2 [now M.T.O. No. 98-1], contains a time limit of 180 days after the claim accrued (defined as the date on which the injury is sustained) within which: (a) to file a notice with the Gaming Disputes Court; and (b) to file a claim, defined as a petition for an award under the ordinance. M.T.O. 96-2, Sec. 9 and 10. Plaintiff alleges that he was terminated as of August 30, 1996. The record reflects that the instant action was filed with the Gaming Disputes Trial Court on May 16, 1997. There is no evidence that the notice required by M.T.O. 96-2, Sec. 9 was filed at any time. In their Motion to Dismiss, the Defendants have claimed that the 180 day time limitation is jurisdictional in nature, and for that reason this action must be dismissed. The Plaintiff claims that the statute of limitations argument is not properly before the court at this time.
For the reasons set forth in the discussions concerning the thirty day statute of limitations contained in TGA 97-5, the conclusion is inescapable that the time limitation in M.T.O. 96-2 is a limitation on the liability itself, and not on the remedy alone. Ecker v. West Hartford,, 205 Conn. 219, 232, 530 A.2d 1056 (1987); Jenkins v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 9, 1 Mash. 7 (1993). It is therefore apparent on the record that, irrespective of whether notice was properly given, this claim was not presented within 180 days of the date on which the claim accrued, and for that reason must be dismissed.
Based on the reasoning of Long and the cases cited therein, this court holds that the failure to file the claim within the 180 days is jurisdictional in nature. Accordingly, defendant’s motion to dismiss is hereby granted.