EAGAN, Judge.
BACKGROUND
The plaintiff, Melissa Santiago, filed Complaints against the MTGA and Shaw-fmut alleging that she was injured when an fair conditioning vent fell onto her arm while she was dancing at Lucky’s, in the Mohegan Sun Casino. The defendant Shawmut is alleged to have controlled the installation of the ventilation at Lucky’s in a negligent manner.
Subsequently, the defendant Shawmut filed a Third-Party Complaint against Crest. The Third-Party Complaint, paragraph y, alleges that, as general contractor, Shawmut had subcontracted with Crest to perform work at Lucky’s and that Crest had breached the subcontract’s provision requiring Crest to defend and indemnify Shawmut from “any and all claims ... arising out of or resulting from any work of and caused in whole or in part by any negligent act or omission” of Crest. The Third-Party Complaint also alleges that Crest breached the subcontract by failing to maintain appropriate liability insurance to protect Shawmut.
Third-party defendant, Crest, then filed an Apportionment Complaint against the Apportionment Defendants, alleging that if Plaintiff was injured in the manner set forth in her Complaint, then the Apportionment Defendants are liable for a proportionate share of the damages due to their negligence.
The Apportionment Defendants filed Motions to Strike the Apportionment Complaint, on the grounds that Connecticut law is applicable, and it permits the apportionment of damages only for claims based on negligence. Because the Third-Party Complaint against Crest is based on indemnification and breach of contract, the Apportionment Defendants conclude, ipso facto, Crest is seeking to apportion non-negligence claims. In an Objection to these Motions, Crest asserts that its Apportionment Complaint is based on negligence and is, therefore, proper.
DISCUSSION
The Gaming Dispute Trial Court Rules of Civil Procedure (“GDCP”) S 1 provides that matters not covered by the GDCP are governed by Connecticut Superior Court Rules and the Connecticut General Statutes. Since the GDCP contains *574 no provisions relating to apportionment complaints, Connecticut law is applicable.
In Connecticut, apportionment of liability between defendants is governed by Conn. Gen.Stat. § 52-I02b which provides that:
10. A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability.
(f) This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h, for a proportionate share of the plaintiffs damages as a party to the action.
Section 52-672h(o) provides in relevant part:
.there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556.
The issue before this Court is whether the instant Apportionment Complaint seeks to apportion damages between parties based on their negligence. If ii does not do so, then the Apportionment Complaint falls within the prohibition of Section 52-572h(o) and must be stricken.
The Apportionment Defendants assert that because Crest has been sued for breach of contract and indemnification, the Apportionment Complaint cannot be interpreted to apportion negligence. Crest counters that the Plaintiffs Complaint sounds in negligence and the Apportionment Complaint, Paragraph 11, seeks to apportion the damages from this negligence, if it is found to exist, among the Apportionment Defendants.
Neither side, however, has provided any decisional authority dealing with the íssué in the. instant case. Instead, the Apportionment Defendants, as well as Crest, rely on Allard v. Liberty Oil Equip. Co., 253 Conn. 787, 756 A.2d 237 (2000), to support their divergent positions.
The actual holding in Allard, is of little assistance to either party. In Allard, the' Connecticut Supreme Court did nothing more than uphold a lower court’s ruling that a party sued in negligence cannot rely on an apportionment complaint to bring iri a party whose potential exposure is for product liability.
Although Allard is not dispositive, it is instructive. In Allard, the Court scrutinized the apportionment complaint to determine whether it, in fact, sought to apportion negligence. Although the apportionment complaint contained allegations of negligence by the apportionment defendant, the Court concluded they were nothing more than “classic allegation of product liability.” Id. at 799, 756 A.2d 237.
Here, a review of Crest’s Apportionment Complaint shows it sounds entirely and solely in negligence, as does the Plaintiffs Complaint. Additionally, while the Third- *575 I’arty Complaint is for breach of contract and indemnification, it is Crest’s potentially negligent job performance that is the gravamen of these claims. In short, negligence permeates all the pleadings in this case. As the Court noted in Allard, “... the legislature reaffirmed that, as a matter of statutory interpretation, only negligent persons may be cited in as apportionment defendants pursuant to statute”. Id at 803, 756 A.2d 237. That criterion is satisfied in this case.
Of additional interest in the Allard decision is the Supreme Court’s discussion of the theory behind the statutory limitation of apportionment complaints to those sounding in negligence. The Court stated that “... in such a case, both the underlying claim of the plaintiff and the apportionment claim of the defendant are in relative pari eductio, in that they both involve negligent conduct.” Id. 805-806, 756 A.2d 237. Here, too, although the Third-Party Complaint pleads contractual grounds for relief, the Plaintiffs Complaint and the Apportionment Complaint are in pari educ-tio in that they both involve negligence.
Accordingly, the Motions to Strike the Apportionment Complaint are denied.