MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF THE DEFENDANT “TUCKER MECHANICAL”
WILSON, Judge.
I.
In this tort action the Plaintiffs seek to recover damages for serious personal injuries sustained by the Plaintiff, Joseph Lu-brano (herein, the Plaintiff) in a fall from a roof of the “Race Book” section of the Mohegan Sun Casino, located on the Reservation of the Mohegan Tribe of Indians of Connecticut. Suit was brought against the Defendants, three of whom, The Tucker Company, Tucker Mechanical, and EM-COR Group, Inc., (herein the Defendants), have moved for summary judgment as a matter of law on the grounds that the “applicable” statute of limitations bars the Plaintiffs action. The issue before the court is which statute of limitations is applicable.
Jurisdiction is conferred on this court pursuant to the Constitution of the Mohegan Tribe of Indians of Connecticut, Art. XIII, §§ 1 and 2; and the Mohegan Tribal Code (MTC) § 3-91 (Ordinance No. 95-4 § 501, 7-20-95).[1] Mohegan Tribal Law, insofar as this case is concerned, comprises the Constitution and the Mohegan Tribal Code. The Tribal Code, MTC § 3-52, provides, inter alia, that the substantive law to be applied by the court shall be (1) the laws as set forth in any Mohegan Tribal Ordinance and (2) the General Statutes of Connecticut “except as such statutes are in *394 conflict with Mohegan Tribal Law.” (Emphasis added).
The Mohegan Torts Code, under which this action is brought, contains a Statute of Limitations for the bringing of a civil action, § 3-246. That section provided, at the time this action was brought, that such action must be commenced within 270 days of the accrual date, i.e., the date on which the injury occurred.[2] Under that section, the Plaintiffs action was timely commenced. The Connecticut General Statutes § 52-284 provided that an action must be brought within two years of the date of injury “except that no such action may be brought more than three years from the date of the action or omission complained, of.”[3] (Emphasis added). Under this exception, the Plaintiffs action was not timely commenced. The issue before the court is whether the Connecticut Statute is in conflict with the Mohegan Ordinance. The court holds that the Connecticut Statute is in conflict with the Mohegan Ordinance, and therefore it does not apply. The Motion for Summary Judgment is therefore denied.
II.
In his revised complaint of June 16, 2005, the Plaintiff alleges that on June 15, 2004, while at work at the Mohegan Sun, he fell from one portion of the roof at the Race Book section to another portion of the roof, sustaining the injuries and losses more fully set forth in the complaint. He alleges that his injuries were caused by the negligence of all the Defendants in a number of ways. As to the moving Defendants in the Motion under consideration, he alleges that they were responsible for the installation of the “mechanical systems” at the “Race Book” section “which, upon information and belief, was substantially complete in September of 1998.” His suit was commenced by the filing of the complaint in this court on March 9, 2005. This suit was therefore commenced within 270 days of the date the cause of action accrued, but more than six years after the date the Defendants completed the works, i.e., the date of the act or omission complained of.
In the answer and special defenses, the moving Defendants admit that they installed the “mechanical systems” and that the installation was substantially complete in September of 1998. The Defendants deny that they were negligent in any respect and they affirmatively pleaded five special defenses, including that the Plaintiffs claims are barred by the statute of limitations. The Plaintiff denied this special defense.
In their motion for summary judgment, the Defendants claim “that the applicable statutes of limitations entitle each of them to judgment as a matter of law”. The Plaintiff opposed the motion for summary judgment, briefs were filed, and oral argument was had. The court holds that the applicable Statute of Limitations does not entitle the Defendants to judgment as a matter of law, and denies the motion.
III.

Standard for Granting Summary Judgment

Under the Rules of this Court, Summary Judgment may be granted only if “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” G.D.C.P. § 49. See Wallace v. MTGA, 2 G.D.R. 51, 5 Am. Tribal Law 295, 2004 WL *395 5660109 (2004). In this case there is no dispute as to the facts, and the Plaintiff has conceded that the Defendant has shown that there is no genuine issue as to any material fact. The Defendants completed their work in September 1998. Any act or omission on their part occurred no later than that date. The Plaintiff was injured on June 15, 2004, almost six years later. He commenced suit March 9, 2005 more than six years after any possible act or omission of the Defendants but within 270 days of the accrual of the cause of action on June 15, 2004. The issue then is, whether on these facts the Defendant is entitled to judgment as a matter of law.
IV.

The Applicable Law

The crux of that issue is a determination of the applicable law. The Defendants in their special defense did not cite any applicable statute of limitations. In their motion, briefs, and argument, however, they claim that the three year “statute of repose” contained as an exception to the Connecticut Statute of Limitations, C.G.S. § 52-584, bars the action. The Plaintiff, contradicting this, claims that the applicable law is MTC § 3-246(a) which requires that a civil action be brought within 270 days of the accrual date, and which contains no “statute of repose.”
§ 3-52 of the MTC sets forth the “Sources of Tribal Law” as follows:
“Sec. 3-52. Sources of Tribal Law.
(a)The Substantive law of the Mohegan Tribe for application by the Gaming Disputes Court shall be:
14. The law as set forth in any Mohegan Tribal ordinances or regulations.
(2) The General Statutes of Connecticut, as may be amended from time to time, are hereby adopted as and declared to be the positive law of The Mohegan Tribe for application by the Gaming Disputes Court, except as such statutes are in conflict with Mohegan Tribal Law.
(3) The common law of the State of Connecticut interpreting the positive law adopted in Subsection (2) above, which body of law is hereby adopted as and declared to be the common law of The Mohegan Tribe for application by the Gaming Disputes Court, except as such common law is in conflict with Mohegan Tribal Law.”
(Ord. No. 95-4, § 301, 7-20-1995)
The starting point, then, is the applicable Mohegan Tribal Ordinance, § 3-246 which reads, in full, as follows:
“Sec. 2-46. Limitations of Actions.
(a) A civil action under this Article shall be brought by filing a Complaint pursuant to the procedures set forth in this Article within two hundred seventy (270) days of the accrual date.
(b) For the purpose of meeting the limitations deadline set forth in this Article, a civil action commenced when a complaint is filed with the Clerk of the Court.
(c) There shall be no tolling of the limitations deadline for any reason, including equitable reasons, other than death, disability, or incompetence as defined below in Section 3-247. The filing of a lawsuit in another jurisdiction shall not delay the limitations deadline.
(d) The Gaming Disputes Court shall be deprived of jurisdiction over any claim or Complaint that is filed outside the limitations deadline set forth in this Article.”
(Ord. No,2001-D7, § 6 8-15-2001).
The Plaintiff argues that he filed his complaint pursuant to the required procedures within two-hundred seventy days of *396 the accrual date; that the ordinance contains no further limitation and that therefore, his action was timely. The Defendants however, maintain that under § 3-52(a)(2), the General Statutes of Connecticut are applicable “except as such statutes are in conflict with Mohegan Tribal Law.” Specifically, the Defendants point to C.G.S. § 52-584:
“Limitation of action for injury to a person or property caused by negligence, misconduct or malpractice. No action to recover damages for injury to the person, or real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.” (Emphasis added).
Under the three year exception provision of this statute, the Defendants contend that this action is barred.
This court concludes that the applicable law is MTC § 3-246(a) and that C.G.S. § 52-584 is in conflict with The Mohegan Ordinance and is therefore not applicable.
Taking the Ordinance as a whole and the Connecticut Statute as a whole, there is the obvious conflict between the 270-day provision of the Ordinance and the two-year limitation of the statute. The court believes that the statute should be thus construed as a whole, and not split into pieces. The statute itself is but one entire sentence, with two exceptions built into it. The Defendant would have the court wholly ignore the first part of the sentence, wrench one exception out of the middle of the sentence, and graft that exceptional portion of the sentence onto the Mohegan Ordinance.
The court considers such splitting and engrafting to be poor statutory construction, and declines to do so.
The Defendants argue strenuously, however, that there is no conflict, because the Mohegan Ordinance is “silent” on the matter of a period of “repose,” and also because it would be sound public policy for the Mohegan Ordinance to be construed with the Connecticut Statute to have such a period of “repose.” This court does not agree with these arguments.
First, as to the “silence” of the Ordinance, mere “silence” does not necessarily mean the absence of a “conflict.” MTC § 3-52 does not permit the application of Connecticut statutes that “are in conflict with Mohegan Tribal Law.” The term “conflict” is not limited to the complete opposition found in the first portion of the Connecticut Statute; (that in itself, as the court holds, is a good ground for refusing to apply the Connecticut Statute); even if the statute were sundered as argued by the Defendant, there would still be a “conflict.” In traditional “conflict of laws” jurisprudence, “conflict of laws” means an “inconsistency or difference between the ... laws of different states or countries for, in this case, an Indian Tribal Reservation] arising in the case of persons who have acquired rights or a status, or made contracts, or incurred obligations, within the territory of two or more jurisdictions.” Black Law Dictionary. The “inconsistency or difference between” the Mohegan Ordinance and the Connecticut statute is apparent and precludes the application of Connecticut law. The obvious difference is that the Mohegan Ordinance contains no statute of repose, a provision easily insert *397 ed had the drafters of the code so desired.[4] The Defendants have not cited any cases which precisely address the question considered, but the Defendants have cited “a mirror image” in Santiago v. MTGA, 3 G.D.R. 4, 6 Am. Tribal Law 572, 2005 WL 6238994 (2005) (Eagan, J.). If anything, however, Santiago supports the Plaintiff. In that case, Judge Eagan noted that:
“The Gaming Disputes Tidal Court Rules of Civil Procedure (‘GDCP’) § 1 provides that matters not covered by the GDCP are governed by Connecticut Superior Court Rules and the Connecticut General Statutes. Since the GDCP contains no provisions relating to apportionment complaints, Connecticut law is applicable.”
The Defendants here argue in their brief (Reply Brief, P. 4) that “Judge Eagan specifically noted of ‘additional interest’ was the Connecticut Supreme Court’s decision in Allard v. Liberty Oil Equip. Co., 253 Conn. 787, 756 A.2d 237 (2000), with respect to the statute of limitations of apportionment complaints. ” (Emphasis added). This is a misreading of Judge Eagan’s decision. What Judge Eagan wrote was:
“Of additional interest in the Allard decision is the Supreme Court’s discussion of the theory behind the statutory limitation of apportionment com,pla;ints to those sounding in negligence. The Court stated that ‘... in such a case, both the underlying claims of the plaintiff and the apportionment claim of the defendant are in relative pari material, in that they both involve negligent conduct.’ Id. 805-806, 756 A.2d 237. Here, too, although the Third-Party Complaint pleads contractual grounds for relief, the Plaintiffs Complaint and the Apportionment Complaint are in pari material in that the both involve negligence.” (Emphasis added).
Judge Eagan was discussing, not the “statute of limitations”, but the completely distinct “statutory limitation of apportionment complaints to those sounding in negligence,” i.e., not a time-limitation on apportionment complaints, but a statute which limited apportionment complaints to negligence cases. The Statute of limitations was not involved.
In Santiago, the Rules of Procedure contained no provision relating to apportionment complaints; hence, Connecticut law was held to be applicable. The case here is not an apportionment case, and the Mohegan Ordinance does contain provisions relating to the statute of limitations with which Connecticut law conflicts; hence, Connecticut law is not applicable.
Much of the Defendants argument is based on public policy as enunciated in several of the decisions of the Connecticut Courts cited by the Defendant. The matter of “public policy” of the Mohegan Tribe of Indians of Connecticut is determined by the Tribal Council under the Constitution of The Mohegan Tribe (See e.g., Art. IV and Art. IX); and not by this court, a court of limited jurisdiction under MTC § 3-23. Had the Tribal Council desired to *398 have a period of “repose” built into the Ordinance it could have readily done so.
The Defendants’ several arguments that there is no basis for the tolling of the statute of limitations are not addressed because the Connecticut statute does not apply, and the Plaintiff does not claim, nor need the benefit of, any tolling of the Mohegan Ordinance.
The Defendant has not shown that it is entitled to judgment as a matter of law. The Motion for Summary Judgment is denied.

. The Plaintiff alleged in paragraph 1 of the Revised Complaint that this action is brought “pursuant to Section 3 of the Mohegan Torts Code, Ordinance 2001-07” (since amended by M.T.O 2005-02, and now codified as MTC § 3-241 et seq.). The Defendants answer did not respond to this statement of a legal con-elusion, but their Motion for Summary Judgment assumes the applicability of the Torts Code. Because this court has jurisdiction under the Constitution and under MTC § 3-21 et seq., this court will also assume the applicability of the Torts Code for purposes of this Defendants’ Motion.

. That section has since been amended to extend the period to one year.

. This exception is commonly referred to as a statute of "repose."

. The parties have not cited any ‘‘legislative history” concerning the promulgation of the Mohegan Tribal Code. The drafters of this Code were quite familiar with drafting statutes of limitations: e.g., MTC § 2-140 and § 3-133; ad did not include any statutes of repose in these. The general reference in § 3-133 to the laws of the State of Connecticut refers only to those causes of action which had accrued as of July 20, 1995, the date of the adoption of the Ordinance Establishing this court; i.e., the Connecticut Statutes of Limitation applied only to those causes of action which arose before there was a tribal court in existence with jurisdiction to adjudicate those cases.