MEMORANDUM OF DECISION RE: DEFENDANT LEHR ASSOCIATES CONSULTING ENGINEERS, LLP’S MOTION FOR SUMMARY JUDGMENT and/or MOTION TO DISMISS
WILSON, Judge.
I.
In this action seeking to recover damages for serious personal injuries sustained by the Plaintiff, Joseph Lubrano, suit was brought by the Plaintiff and his wife (“the Plaintiff’) against a number of Defendants, one of whom, “Lehr Associates Consulting Engineers, LLP” has moved for Summary Judgment on the ground that the complaint against it was not brought within the applicable statute of limitations of the Mohegan Torts Code. Alternatively, claiming that the said statute of limitations is substantive, rather than procedural, this Defendant has moved to dismiss for want of jurisdiction. [Hereinafter, the moving Defendant will be referred to in this opinion as “Lehr” or “the Defendant”, but the full names of this Defendant must be kept in mind because of the similarity of this name to another, original, Defendant; the significance of this similarity will become apparent hereafter.]
The Mohegan Torts Code statute of limitation is Mohegan Tribal Code (MTC) § 3-246. At the time that this action was commenced it provided that a civil action shall be brought by filing a complaint pursuant to the procedures set forth in the *410 code within two-hundred seventy (270) days of the accrual date.[1]
The “accrual date,” MTC § 3-245, means “the date on which the injury giving rise to a claim or complaint occurred, or the date on which the injury was or reasonably should have been discovered by the injured party.” In this ease, it is undisputed that the accrual date was June 15, 2004. The time limit for filing a complaint was therefore, March 12, 2005. The civil action that was originally brought in this case was filed in this court on March 9, 2005, therefore, within the time limit established by the code. It was not, however, originally brought against the present moving Defendant, “Lehr Associates Consulting Engineers, LLP” but was brought against eight other named Defendants, including one named “Frank H. Lehr Associates.” Thereafter, on June 17, 2005, the Plaintiff moved to add the moving Defendant, Lehr, pursuant to the Gaming Disputes Court Rules of Civil Procedure (G.D.C.P.), Ch. 5 § 13, together with a third party complaint. The motion was granted on July 27, 2005. Treating the commencement of this action against this moving Defendant as being on June 17, 2005, it was beyond, not only the 270-day time limit of the then current statute of limitations, it was two days late under the revised statute of limitations (which itself did not become effective until five days after that.)
The Defendant Lehr has now moved for a summary judgment and/or to dismiss on the ground that the action against it was untimely. There is no genuine dispute as to the facts of the accrual date or of the commencement of this action. The Plaintiff however, counters that under the Rules of Procedure of this court the Plaintiff was entitled, under § 13 a. and b., to cite in the Defendant Lehr “at any time” (so the Plaintiff argues) as a new party notwithstanding the statute of limitations; and also that under Connecticut’s “Action Against Wrong Defendant” statute C.G.S. § 52-593, the Plaintiff is allowed to bring suit against this Defendant Lehr outside the time limit of the Mohegan Ordinance. The facts and the applicable law will be fully stated in this opinion.
The court concludes that it has jurisdiction under the Constitution of the Mohegan Tribe and under the ordinance establishing this court; that the Mohegan Torts Ordinance is applicable to this action; that the suit against the Defendant Lehr was not timely commenced; that the Plaintiffs arguments as to timeliness are not well founded; and that the Defendant Lehr’s motion should be granted.
II.

A.

The Applicable Law as to the Motion to Dismiss

The Motion under consideration is styled “Motion for Summary Judgment and/or [‘Alternatively’] Motion to Dismiss.” As a Motion to Dismiss, the Motion raised the question of lack of jurisdiction of this court. “Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented ... and the court must fully resolve it before proceeding further with the case ... A motion to dismiss is a proper manner of asserting lack of subject matter jurisdiction ...” Ager v. Office of the Director of Regulation, 1 G.D.R. 1, 4, 1 Am. Tribal Law 380, 385 (1997) (internal quotation marks and citations omitted). “Whenever it appears after suggestion of the parties or otherwise that the court lacks subject matter jurisdiction, the court shall dismiss the action.” G.D.C. Rules of *411 Civil Procedure § 20 d. (Emphasis added); Accord, Conn. Rules of Civil Procedure Sec. 10-33.[2]
B.
As to the Motion for Summary Judgment
The motion, treated as one for Summary Judgment, claims that there is no genuine issue as to any material fact and that the moving Defendant Lehr is entitled to judgment as a matter of law. Sec. 49 of the Rules of Civil Procedure of this court contains the provisions relating to, and the standards for action upon, motions for summary judgment.[3]
The court finds that there is “no genuine issue as to any material fact.” The question whether the moving Defendant Lehr *412 “is entitled to judgment as a matter of law” is, under the facts and the law applicable in this case, the same as the question raised by the Defendant Lehr of whether this court lacks jurisdiction. Thus, both alternatives presented by the motion are equivalent. If the action was untimely filed under the Torts Code statute of limitations, and the court therefore lacks subject matter jurisdiction, the Defendant Lehr is entitled to a judgment of dismissal as a matter of law.
III.
A.

Jurisdictional Facts

In paragraph one of the complaint, Plaintiff alleged “Pursuant to Section 3 of the Mohegan Torts Code, Ordinance 2001-07 [MTC Sec. 3-243] the Mohegan Tribal Gaming Authority (sic. Presumably, meaning this court) has jurisdiction over this action.”
The Defendant Lehr’s answer to this paragraph pleaded “insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.”
The Plaintiffs and the Defendant Lehr, in their briefs and arguments on the instant motion, assumed the applicability of the Mohegan Torts Code. For purposes of determining a Motion to Dismiss, the court cannot assume that it has jurisdiction; subject matter jurisdiction must be established before the court may proceed. The complaint and the proceedings on the motion must therefore be analyzed.
The complaint proceeds to allege that the Plaintiff, a resident of Gales Ferry, Connecticut, “was an employee of the Mohegan Sun and/or Sun International in Uncasville, Connecticut.” There is no allegation, or any evidence in the record, that the Plaintiff is a member of the Mohegan Tribe. This court takes judicial notice that the “Mohegan Sun and/or Sun International” is a Mohegan Tribal entity within the meaning of Sec. 3-245 of the Torts Code.[4]
On or about June 15, 2004, while in the course of his employment, the Plaintiff sustained grievous personal injuries alleged to have been caused by the negligence of the Defendants, eight of whom are named in the original action.
The negligence which the Plaintiff alleges, and which the Defendants deny, arise out of the development and construction of the “Race Book” section of the Mohegan Sun Casino, a gaming facility owned and controlled by the Mohegan Tribe and the Mohegan Tribal Gaming Authority on the Mohegan Tribal Reservation.
The Plaintiffs “Statement of Amount in Demand” claims “damages to the maximum allowed pursuant to the Mohegan Torts Code or other applicable Tort Law.”
It does not appear from the pleadings, or any evidence in the record, that any of the Defendants (including the cited-in Defendant, the moving Defendant Lehr) are tribal entities.
The Plaintiffs employer, the Mohegan Sun and Casino intervened as an Intervening Plaintiff on or about June 9, 2005. The court will take judicial notice that the In *413 tervening Plaintiff is a Mohegan Tribal Entity, as above defined.
It therefore appears from the record that the particular subject matter of the complaint is a tort claim, claiming damages for personal injuries allegedly caused by the negligence of the Defendants; that the particular types of Plaintiffs are a non-tribal member, an employee of a tribal entity, and his wife, and an intervening Plaintiff, a tribal entity; and that the claim is brought against a number of business organizations, none of which is a tribal entity. The court will thus consider whether it has subject matter jurisdiction to hear this particular kind of case under, first, the Constitution of The Mohegan Tribe of Indians of Connecticut and the Ordinance establishing this court, M.T.O. 95-4, July 20, 1995, codified as MTC § 3-21 et. seq.
III.
B.

Jurisdiction: General Principles

The Defendant’s motion expressly raises the issue of jurisdiction under the Mohegan Torts Code statute of limitation which deprives this court of jurisdiction over untimely filed claims. MTC § 3-246(d). It also implicitly raises the question of the jurisdiction of this court to adjudicate claims against non-tribal entities.
Prior to the arguments in this case, the court had decided a Motion for Summary Judgment filed by a co-Defendant, Tucker Mechanical. See Lubrano v. Brennan Beer Gorman, et al, 7 Am. Tribal Law 392, 2007 WL 5969360 (Mohegan Gaming Trial Ct. 2007), (The “Tucker” motion). In that case, the parties to that motion assumed the applicability of the Torts Code to non-tribal entities, as did this court in denying the motion of the co-Defendant Tucker. On appeal in that case, and alter the arguments in this case, the Mohegan Gaming Disputes Court of Appeals remanded the “Tucker” matter to this court for further articulation of the issue “Whether the Mohegan Torts Code has any applicability to tort claims brought against non-tribal entities.” Lubrano v. Brennan Beer Gorman, et al, GDC A-T-07-500 (June 27, 2007).
In the articulation filed in that matter, this court held that it presumptively has jurisdiction over non-tribal entities to adjudicate tort claims arising out of activities of such entities on the Mohegan Reservation. See Iowa, Mutual Insurance Co. v. LaPlante, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); Cohen Federal Indian Law 232 N. 226 (2005 Ed.); Mohegan Constitution Art. XIII, Secs. 1 and 2; Mohegan Gaming Disputes Court Ordinance, MTC § 3-21 et. seq., (MTO 95-4, July 20, 1995). This court also held that the Mohegan Torts Code, MTC § 3-241 et. seq., is applicable to non-tribal entities. The decision in that articulation is equally applicable to this motion.
IV.

Application Of the Torts Code to the Facts of this Case

The court turns now to the “Limitations of Actions” section of the Torts Code, Sec. 3-246, which now reads as follows:
“Sec. 3-246. Limitations of Actions.
(a) A civil action under this Code shall be brought by filing a complaint pursuant to the procedures set forth in this Code within one
(1) calendar year of the accrual date.
(b) For the purpose of meeting the limitations deadline set forth in this Code, a claim is brought when the complaint is filed with the Clerk of the appropriate *414 court, i.e., either the Mohegan Tribal Court or the Gaming Disputes Court.
(c) Except as provided in Section 3-247 of this Code, there shall be no tolling of the limitations deadline for any reason, including equitable reasons. The filing of a lawsuit in a jurisdiction other than either of the Mohegan Tribal Courts referenced herein shall not delay the limitations deadline.
(d) Except as provided in Section 3-247 of this Code, the Gaming Disputes Court and the Mohegan Tribal Court shall have no jurisdiction over any claim or complaint that is filed more than one (1) calendar year after the accrual date.
(Ord. No.2005-02, § 6, 6-22-2005)”
Prior to June 22, 2005, the limitations period was 270-days, and this shorter term limitation was in effect at the time of the Plaintiffs injury, and at the time the action was commenced, both originally, and as augmented by the addition of the Defendant Lehr. The time limit in the statute of limitation is jurisdictional rather than procedural in nature. See Long v. MTGA, 1 G.D.R. 5, 8, 1 Am. Tribal Law 385, 1997 WL 34678573 (1997). The failure to timely file their action deprives the court of jurisdiction and compels the granting of a Motion to Dismiss. Rotondo v. MTGA, 1 G.D.R. 62 (2000).
The Plaintiffs originally brought this action on March 9, 2005 seeking to recover damages for injuries sustained by the Plaintiff, Joseph Lubrano in a fall from the roof of the “Race Book” section of the Mohegan Sun Casino, located on the Reservation of the Mohegan Tribe of Indians of Connecticut. The fall occurred on June 15, 2004, and thus the original action was brought within the 270-day period of limitation contained in the Mohegan Torts Code, MTC § 3-246.
The original action was brought against eight named Defendants, all of whom were timely served. One of those Defendants was named “Frank H. Lehr Associates, 101 South Harrison Street, East Orange, NJ 07018.” It was alleged in the Third Count of the original complaint that “Frank H. Lehr Associates was the consulting engineers responsible for the design specification and compliance of the ‘Race Book’ section of the Mohegan Sun which, upon information and belief, was substantially complete in September of 1998.” Apparently, according to the Plaintiff (and the court will assume this to be true for the purposes of the present motion), “Frank H. Lehr Associates” (which never entered an appearance in this action), were not in fact such consulting engineers. The Plaintiffs’ attorneys then discovered that they had sued the “wrong Defendant” and that the “right Defendant” was the present moving Defendant, “Lehr Associates Consulting Engineers, LLP, 184 W. 29th Street, New York, NY, 10001, c/o its agent for service: John E. Osborn, Esq., 110 E. 31st Street, New York, N.Y. 10016.” (The significance of the terms “wrong Defendant” and “right Defendant” will be discussed hereafter.)
At oral argument on the instant motion, the parties agreed that the two organizations with the name “Lehr” are completely separate and unrelated organizations, one, the original Defendant, a New Jersey organization, and the other a New York organization.
The Plaintiffs thereupon, on June 17, 2005 filed a “Motion to Add a Party Defendant Pursuant to Chapter 5 § 13A and B.” Specifically, the Plaintiffs moved that “Lehr Associates Consulting Engineers, LLP, be added as a party defendant pursuant to Chapter 5 § 13a. and b. [Of Gaming Disputes Court Rules of Civil Procedure of this court; these rules will be fully *415 considered hereafter]. As the complete administration of justice requires their presence in the instant action and the Defendant, Frank H. Lehr Associates may have been misjoined in this action, the Plaintiffs request permission to serve the attached summons and complaint,” No hearing was held on this motion and, so far as the record reflects, no notice of the same was given to “Lehr Associates Consulting Engineers, LLP.” The motion was granted as a matter of course by the clerk on July 27, 2005 and was served by certified mail on August 8, 2005. The State Marshalls return of service on file in this court is dated August 3, 2005. The complaint against the Defendant Lehr bore a return date of September 27, 2005 and counsel for said Defendant entered an appearance on or about September 18, 2005.
All of the said proceedings against this Defendant Lehr were filed not only more than 270-days after the Plaintiffs cause of action accrued, but also more than one-year after the cause of action accrued. Thus, even if the amendment to MTC § 3-246 extending the period of limitations to one-year were somehow held to be retroactively applicable to the instant action, the process against said Defendant Lehr was not timely filed or served under either version of the Mohegan Torts Code Statute of Limitations, § 3-246.
After all of the foregoing, the Plaintiffs then withdrew their case as against the original “wrong Defendant” Frank H. Lehr Associates only.
Meanwhile, another of the original Defendants, the named defendant Brennan Beer Gorman Architects, LLP, moved, on June 20, 2005 to implead as a third party Defendant, the new Defendant, Lehr Associates Consulting Engineers. This motion was also granted as of course by the court and a third party complaint was filed.
The Defendant Lehr filed its answer and special defenses to the Plaintiffs’ complaint. It denied the operative allegations of the complaint specifically denying the allegations that the Defendant was negligent and asserted four special defenses, one of which is relevant here: that “the claims of the Plaintiffs are barred by Section 6 of the Mohegan Torts Code as enacted in Ordinance 2001-07 [now codified as § 3-246 of the Code] and/or any other applicable statute of limitations.”
The Defendant Lehr has now moved for Summary Judgment and/or Dismiss the complaint filed by the Plaintiff on June 17, 2005. The said Defendant did not specifically move for summary judgment, or to dismiss as to the Third Party Complaint.
There was some dispute among the parties as to whether or when this Third Party Complaint was served on the Defendant Lehr, but that is of no particular moment because the Motion to Implead the Defendant Lehr, and the subsequent proceedings thereon, occurred only after the Plaintiffs moved to add the Defendant Lehr as a Defendant. The court agrees with the Defendant Lehr that the statute of limitations analysis would be the same, whether the court looked to the Plaintiffs’ complaint against Lehr or the third party complaint. So, because the third party Plaintiff joined with the Plaintiffs opposing the Defendant Lehr’s instant motion, and notwithstanding that the instant motion does not, on its face, purport to the directed against the third party complaint, the court will deem the Motion, and the decision thereon, to be applicable to the complaint and the third party complaint against the Defendant Lehr.
The Plaintiff, it must be noted, never contested the applicability of the Torts Code Section 3-246 per se; conversely, the Plaintiff never argued for the application of the more general two-year statute of *416 limitations contained in the Gaming Disputes Court Ordinance, Sec. 3-133, under which, if applicable, this action would have been timely; that would be to deny the applicability of the Torts Code. Rather, the Plaintiff contends that because the Defendant Lehr was cited in as an additional defendant precisely in conformity with the Rules of Procedure of this court, this action is not barred by See. 3-246. Specifically, the Plaintiff claims that Rule 13 allows the Defendant to be cited in “at any time” notwithstanding the limitations period. The Plaintiff also contends that the Connecticut “action against wrong defendant” statute, § 52-593, should be superimposed onto the Mohegan Torts Code, thus, in effect, overriding the bar of § 3-246. The court does not agree with either of these contentions.
IV.
A.

Rule 13

“ § 13. Addition or Substitution of Parties
a. Additional parties summoned by the court. If a complete determination of the controversy as between the parties before the court cannot be made without the presence of other parties, the court may direct that such parties be brought in. If a person not a party has an interest, which the judgment will affect, the court, on motion, shall direct that person to be made a party.
15. Nonjoinder and Misjoinder. Except as otherwise provided in these rules, no action shall be defeated by nonjoinder or misjoinder of parties. New parties may be added and summoned in and parties misjoined may be dropped by order of the court at any stage of the cause, as it deems the interests of justice require.”
Sec. 13a. of the Rules of this court is analogous to § 9-18 of the Connecticut Rules of Civil Procedure, as is § 13b. of the rules of this court to § 9-19 of the Connecticut Rules. Plaintiffs’ counsel has not cited any authority for the proposition that anything in these rules overrides any statute of limitations, and the court has been unable to find any. These rules do not state, as argued by the Plaintiffs, that a new party may be added “at any time”; rather, they state that a new party may be added “at any stage of the cause, as it deems the interest of justice require.” Thus, a motion to add a party may be filed and granted regardless of the order of pleading set forth in § 14a, and the provisions regarding the waiver of the light to file pleadings in § 14b will not apply. Presumably, (and properly), the court could order the addition of a party after the pleadings have been closed, or even, in the discretion of the court, on the eve of trial, if the “interests of justice require.”
There is no mention anywhere in these rules of overriding a statute of limitations. It seems highly dubious that a rule of court could, constitutionally, override a Statute of Limitations enacted by the legislative body. The Connecticut Superior Court has held that “[njeither the statutes nor Practice Book rule relating to citing in parties contains any authority for tolling of the statute of limitations while the cited in party is being served. The Plaintiffs Motion to Cite In made no reference to any such authority. The court has examined the following statutes and rules and has determined that no tolling provisions are contained therein.... ” Pinto v. Zieba, 2000 WL 1056676, 2000 Conn.Super. LEXIS 1832, (2000) [among the rules cited as containing no such provisions in § 9-18]. It seems to be the uniform practice that “it is generally improper to determine on a *417 Motion to Cite In whether the statute of limitations has run against the parties to be cited in.” Longhenry v. Groton, 23 Conn. L. Rptr. 562, 1998 WL 914266, 1998 Conn.Super. LEXIS 3589 (1998). Indeed, this is as it should be; the party “to be cited in” is, by definition, not yet a defendant, and has not filed any answer and defenses, including the statute of limitations which is required to be specially pleaded. GDC Rules of Civil Procedure § 23d. Not until such a Special Defense has been filed, at the earliest, could a court be in a position to determine if the statute of limitations has run. It is the practice of this court not to consider any statute of limitations issue on a Motion to Cite In, but merely to determine if the Motion and related papers are in proper form and if the interest of justice requires the granting of the motion. That was the case here, and only thereafter did the Defendant Lehr file its appearance and answer and defenses, and only after that, still in accordance with the rules, did it file its present motion. Now is the time for the court to determine the effect of the bar of the statute of limitations; not at the time the Motion to Cite In was filed. Rule 13 does not avail the Plaintiff.
IV.
B.

“Action Against Wrong Defendant ”

The Plaintiffs second contention is that Connecticut’s “Action against Wrong Defendant” statute, § 52-593, permits the bringing of his “new action” against the Defendant Lehr.[5]
The action against wrong defendant section is as follows:
“Sec. 52-593. Action against wrong defendant; allowance of new action. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of the corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action.”
The words “the statute of limitations shall not be a bar thereto” can only refer to MTC § 3-246. The only way that C.G.S. § 52-593 can apply to this action is under MTC § 3-52, Sources of Tribal Law, and then only if the Connecticut Statute is not “in conflict with Mohegan Tribal Law.” The court holds here, for the same reasons as stated in the decision on the “Tucker” motion that the Connecticut Statute is in conflict with Mohegan Tribal Law. Sec. 3-246(c) states that “except as provided in Section 3-247 of this code [regarding death, incompetency, and minority] there shall be no tolling of the limitations deadline for any reason, including equitable reasons.” The Plaintiff would have the court read “tolling” so narrowly as to confine it to the very grounds where “tolling” is expressly called for under § 3-247. If read in the way that the Plaintiff argues, *418 the exception would either swallow the rest of the rule or invert the rule so as to allow tolling for any reason. The court rather reads “tolling” in the usual sense: “Toll” means “to bar, defeat, or take away ... To toll the statute of limitations means to show facts which remove the bar of the action.” Blacks Law Dictionary. To take advantage of Connecticut’s “Action against Wrong Defendant” statute, the Plaintiff must show the facts of a suit against a wrong Defendant. This is not permitted by § 3-246(c). This subsection demonstrates the inconsistency, and thus the conflict, of the Connecticut statute with Mohegan Tribal Law.
Further, § 3—246(d) (again excepting those cases of death, incompetency, and minority) provided that this court “shall have no jurisdiction over any claim or complaint that is filed more than (1) calendar year after the accrual date.” This court, being a court of limited jurisdiction, is subject to the limitations placed on it by the Torts Code. A Connecticut statute which purports to lift the bar placed by § 3-246, and thus restore the jurisdiction of this court which has been removed by § 3-246, is directly in conflict with Mohegan Tribal Law' and is not applicable.[6]
The jurisdiction which the court presumed under federal law and the Mohegan Constitution is further dependant on the Ordinances enacted by the Mohegan Tribal Council. On the facts of this case, that jurisdiction is premised on the timely filing of the action under the Torts Code. Because the action was not timely filed within the jurisdictional time limit of § 3-246, the court is without jurisdiction and the action must be dismissed as a matter of law. The Defendant Lehr’s Motion is granted.

. Effective June 22, 2005 the time limit was extended to one year. Ord. No.2005-02, § 6. The extension does not affect the outcome of this case.

. “ § 20. Motion to Dismiss
a. The motion to dismiss shall be used to assert:
1. Lack of jurisdiction over the subject matter;
2. Lack of jurisdiction over the person;
3. Insufficiency of process;
4. Insufficiency of service of process;
5. Improper venue.
b. Each motion shall be filed with a supporting memorandum of law and supporting affidavits where appropriate. A party objecting to this motion shall file a memorandum in opposition within the time set forth in § 15d.
c. Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed within thirty days of the defendant's appearance.
d. Whenever it appears after suggestion of the parties or otherwise that the court lacks subject matter jurisdiction, the court shall dismiss the action.”

. “ § 49. Summary Judgment
a. Summary Judgments—Triable Issue as to Damages Only. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages.
b. Filing Motion. Any party may, at any time prior to the assignment of a case for trial, move for summary judgment, and with the permission of the court may file such motion after the case has been assigned for trial. These rules shall be applicable to counterclaims and cross-complaints. The pen-dency of a motion for summary judgment shall delay trial only at the discretion of the trial judge.
c. Proceedings on Motion. A motion for summary judgment shall be supported by such documents as may be appropriate in-eluding affidavits, depositions, disclosures, written admissions and like documents which show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The adverse party shall file opposing affidavits or other documentary evidence as provided in this rule within the time set forth in § 15d, setting forth specific facts showing that there is a material issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
d. Form of Affidavits. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.
e. When Appropriate Documents Unavailable. Should it appear from affidavits of a party opposing a motion for summary judgment, that he cannot, for reasons stated in an affidavit filed with the court, present facts essential to justify his opposition, the court may deny the motion or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
f. Affidavits made in bad faith. Should it appear to the satisfaction of the court at any time that any affidavit is made or presented in bad faith or solely for the purpose of delay, the court shall forthwith order the offending party to pay to the other party the reasonable expenses which the filing of the affidavit caused him to incur, including attorneys fees, and any attending party or attorney may be adjudged guilty of contempt.
g.Judgment. Judgment shall be rendered forthwith if the pleadings and any other *412 proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter oi law."

. "Mohegan Tribal Entity means any entity established pursuant to the Mohegan Constitution or duly-enacted Mohegan Tribal Ordinances, including but not limited to the Mohegan Tribal Gaming Authority, without geographical limitation."

. The Plaintiff, in his brief, also raised the Accidental Failure of Suit Statute, C.G.S. § 52-592, but appears to bring this statute into the case only in conjunction with § 52-593. Because the court holds that § 52-593 cannot be applied, neither can § 52-592.

. Because the court holds that the Connecticut Statute is not at all applicable, the court does not decide the problematic question whether the Plaintiffs ease even falls within the precise wording of § 52-593: “failed to obtain judgment by reason of failure to name the right person ...” (Emphasis added). See Cogan v. Chase Manhattan Auto Financial Corporation, 276 Conn. 1, 882 A.2d 597 (2005).